**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SEMAETE ERMIAS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GENERAL SERVICES ADMINISTRATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-03381 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons stated below, the Court dismisses this case without prejudice.

This case is brought by two Plaintiffs, Semaete Ermias and Noma Café Deli LLC. Plaintiffs sue Noma Café's landlord, the U.S. General Services Administration ("GSA"). Plaintiffs allege that GSA has "failed to resolve outstanding mechanical and access issues" at the premises, has unfairly "denied operational access through the keyless entry system" from August 1, 2024, to date, and has threatened to imminently terminate the lease without considering any request for extension and without conducting any inspection. Plaintiffs seek equitable relief and damages.

At the outset, the Court notes that an artificial entity, like Noma Café Deli LLC, cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993); *Franklin v. Vilsack*, No. 12–2027, 2012 WL 6625757, at *1 (D.D.C. Dec. 18, 2012).

More, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654, but an artificial entity, like Noma Café Deli LLC, cannot proceed in federal court without licensed counsel, *see Greater Southeast Cmty. Hosp. Found., Inc. v. Potte*r, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) ("[A] corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.") (internal quotation marks and citations omitted); *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (same); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) (same). In sum, Ermias cannot file suit *pro se* on behalf of Noma Café Deli LLC, nor can Noma Café Deli LLC proceed IFP.

Nor can Ermias bring this case, as pleaded, individually. He brings this matter as the "managing member" of the LLC, and he explicitly seeks relief on its behalf. Per Ermias's own allegations, every relevant circumstance giving rise to this case involves damages to the entity itself, and not to him individually. But for a plaintiff to have standing to bring an individual action, he must clearly allege that he was injured directly or independently of the entity, and Ermias has pleaded no such facts in this case. *See Peek v. Clear Sky Financial, LLC*, No. 24-3125, 2024 WL 4932059, at *4–5 (D.D.C. Dec. 2, 2024); *Powell v. U.S. Small Business Admin*., No. 24-cv-00207, 2024 WL 1577948, at *2–3 (D.D.C. Apr. 5, 2024), *aff'd*, No. 24-5167, 2024 WL 4370897 (D.C. Cir. Oct. 2, 2024) (per curiam); *180 East Broad Partners LLC v. Ohio Department of Taxation*, 193 F. Supp. 3d 1, 1–2 (D.D.C. 2014).

Accordingly, this case will be dismissed without prejudice. Plaintiffs' Motion for Temporary Restraining Order, ECF No. 3, will be denied without prejudice as moot. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED**.

TREVOR N. McFADDEN
United States District Judge

Date: October 14, 2026